1

2

3

4

5

6  **UNITED STATES DISTRICT COURT**
   **DISTRICT OF ARIZONA**

7

8  **Santiago O. Lopez,**                    CV-08-0435-PHX-JWS (JRI)
   Petitioner
9  -vs-                                       **REPORT & RECOMMENDATION**
   **Dora B. Schriro, et al.,**               **On Petition for Writ of Habeas Corpus**
10  Respondents                               **Pursuant to 28 U.S.C. § 2254**

11                    **I. MATTER UNDER CONSIDERATION**

12         Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence,

13  Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on March

14  5, 2008 (#1).  On July 11, 2008, Respondents filed their Answer (#9), and supplements on

15  September 24, 2008 (#12), September 30, 2008 (#14) and February 20, 2009 (#16).

16  Petitioner has not filed a Reply.

17         The Petitioner's Petition is now ripe for consideration.  Accordingly, the undersigned

18  makes the following proposed findings of fact, report, and recommendation pursuant to Rule

19  8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28

20  U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

21

22         **II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND**

23  **A.  FACTUAL BACKGROUND**

24         On March 8, 2002, Petitioner and his victim were among a group engaged in the use

25  of methamphetamine at the victim's house.  In the course of the event, Petitioner appeared

26  to become increasingly paranoid, and eventually stood and shot the victim multiple times,

27  in the head and torso.  (Exhibit B, State's Sentencing Memorandum at 1-2.) (Exhibits to the

28

1    Answer (#9) and the Supplement (#12) are referenced herein as "Exhibit ___.")

2

3    **B. PROCEEDINGS AT TRIAL**

4        Petitioner was charged with first degree murder, but on December 30, 2002, entered

5    into a written Plea Agreement (Exhibit A)[1], wherein he agreed to plead guilty to one

6    amended count of Second Degree Murder.  The pled to charge carried a minimum sentence

7    of 10 years, a presumptive sentence of 16 years, and a maximum of 22 years, all without

8    opportunity for parole or other early release. (*Id.* at 1, ¶ 1; Exhibit A, R.T. 1/3/03 at 5.)  On

9    January 3, 2003, Petitioner appeared with counsel in the Maricopa County Superior Court,

10    and entered a plea of guilty in accordance with the Plea Agreement. (Exhibit A, R.T. 1/3/03.)

11        The prosecution filed a Sentencing Memorandum (Exhibit B), arguing for an

12    aggravated term of not less than 20 years, citing the use of a handgun, cruelty because of the

13    victim's knowledge of his fate and attempts to escape, risk of death to others, suffering of the

14    victim's family, Petitioner's criminal history and recent release from prison.  The prosecution

15    argue that Petitioner's drug use or intoxication should not mitigate, because of Petitioner's

16    history of drug usage connected with violence.

17        Defense counsel also filed a Sentencing Memorandum (Exhibit C), arguing for no

18    more than the presumptive term of 16 years.  Counsel argued for mitigation based upon a

19    diagnosis that Petitioner suffered from paranoid delusional disorder and personality changes

20    resulting from a closed head injury and "poly-substance dependence."  Counsel also argued

21    that Petitioner's paranoid fear of the victim was not without basis, the victim having a

22    substantial criminal history, including stabbing a victim six times with a homemade ice pick.

23        Petitioner appeared for sentencing on March 5, 2003. Witnesses included the victim's

24    mother and cousin.  Counsel challenged the call for aggravation based on the risk of harm

25    to others, argued for mitigation and again called for a presumptive sentence.  Counsel also

26    advised the trial court on Petitioner's mental state:

27

28        [1]  Appended to Respondent's Supplement filed September 24, 2008 (#12).

MR. PETERSON: Your Honor, I just want to note for the record my client is taking Zoloft and Steroquil, which he's taking 700 milligrams, and I talked to him about his ability to understanding [sic] the proceedings. I am satisfied he understands the proceedings.

THE COURT: Is that correct, you understand everything that's going on this morning?

MR. LOPEZ: Yes.

(Exhibit A, R.T. 1/3/03 at 9.)

The trial judge cited Petitioner's prior criminal and gang activity, drug addiction, and the harm to the victim and victim's family and Petitioner's remorse as factors for consideration. He discounted any diminished capacity, finding it was voluntary. The trial judge concluded that the aggravating factors outweighed the mitigating factors, and imposed an aggravated sentence of 20 years. The maximum was not selected solely because of Petitioner's genuine remorse. (*Id.* at 9-11.)

## C.  PROCEEDINGS ON FIRST POST-CONVICTION RELIEF

On March 20, 2003, Petitioner filed a notice of Post-Conviction Relief (Exhibit E), arguing he had not been advised that he would serve a term of community supervision following his prison term. Counsel was appointed, who filed a Notice of Completion of Post-Conviction Review (Exhibit F), advising that no grounds for review could be identified. Petitioner then filed a Pro-Per Petition for Post-Conviction Relief (Exhibit G), arguing that his plea was made under duress, that counsel failed to correct inaccuracies in the presentence report, and to present various evidence in mitigation. Petitioner also argued that he was unaware that he would be placed in isolation in prison, due to threats on his life. On January 8, 2004, the trial court summarily denied the petition. (Exhibit I, M.E. 1/8/04.)

Petitioner sought review by the Arizona Court of Appeals, who summarily denied review on April 26, 2005. (Exhibit J, Order 4/26/05.)

## D.  PROCEEDINGS ON SECOND POST-CONVICTION RELIEF

On May 4, 2005, Petitioner filed a second Notice of Post-Conviction Relief (Exhibit K), asserting a claim under *Blakely v. Washington*, _____ (2004). Petitioner then filed a

1    Petition for Post-Conviction Relief (Exhibit L), arguing that the trial court improperly relied

2    upon aggravating factors neither admitted by Petitioner nor found by the jury.  The state

3    responded, conceding that Petitioner's cases was not final on direct review on June 14, 2004,

4    when *Blakely* was decided, because his petition for review on his of-right post-conviction

5    review was still pending.  (Exhibit M at 6.)  The trial court denied, the petition, finding that

6    the aggravated sentence was authorized once the Court found the prior conviction.  (Exhibit

7    N, M.E. 9/9/05.)

8         Petitioner sought review by the Arizona Court of Appeals, who summarily denied

9    review on August 4, 2006.  (Exhibit O, Order 8/4/06.)

10        Petitioner also sought review by the Arizona Supreme Court, who summarily denied

11   review on March 8, 2007.  (Exhibit P, Order 3/8/07.)

12

13   **E.  PRESENT FEDERAL HABEAS PROCEEDINGS**

14        **Petition** - Petitioner commenced this proceeding by filing his Petition for Writ of

15   Habeas Corpus pursuant to 28 U.S.C. § 2254 on March 5, 2008 (#1).  Petitioner asserts two

16   grounds for relief: (1) ineffective assistance of counsel; and (2) the sentencing judge relied

17   on facts neither admitted nor proved to a jury to aggravate Petitioner's sentence, in violation

18   of *Blakely*.

19        With regard to the ineffective assistance of counsel, Petitioner presents a narrative

20   asserting: (a) counsel misled Petitioner in entry of his plea; (b) counsel failed to challenge

21   the aggravating circumstances or present mitigating evidence; and (c) counsel failed to

22   challenge a violation of Petitioner's right to counsel during questioning by detectives.  In

23   addition, Petitioner argues that he was unaware of counsel's misfeasance at the time because

24   of his medicated and incapacitated state, and pursued them as best as he could without

25   assistance

26        **Answer** - On July 11, 2008, Respondents filed their Answer (#9), conceding that the

27   Petition is timely, and arguing that on the claim that counsel was ineffective at the time of

28   entry of Petitioner's plea, Petitioner's state remedies have not been exhausted, and the claim

- 4 -

1 is now procedurally defaulted.

2       With regard to the balance of Ground 1 (ineffective assistance), Respondents argue

3 that Petitioner has continually failed to support his claim of inaccuracies in the presentence

4 report with any specifics, or any evidentiary support. Respondents also argue that Petitioner

5 has failed to show any prejudice, and that counsel did present matters in mitigation. Thus

6 Respondents argue that the trial court's rejection of this claim was neither contrary to an

7 unreasonable application of federal law.

8       With regard to Ground 2 (*Blakely*), Respondents argue that Petitioner admitted the use

9 of a firearm, and that he had two prior felony convictions, and that each of these facts were

10 sufficient under Arizona law to authorize an aggravated sentence.

11       **Reply** - Petitioner has not replied.

12       **Supplement** - The Court noted that Respondents had omitted the Plea Agreement and

13 the sentence from the record, and directed Respondents to supplement. (Order 9/19/08, #10.)

14 On September 24, 2008, Respondents filed their first Supplement (#12) providing the

15 records. The Court then noted that Respondents had not provided any of the briefs in

16 Petitioner's state proceedings, and directed Respondents to supplement. (Order 9/26/8, #13.)

17 On September 30, 2008, Respondents filed their second Supplement (#14), providing copies

18 of briefs. The Court noted that the same exhibit had been attached as Exhibits U and W.

19 (Order 1/6/09 #15.) On February 20, 2009, Respondents refiled their Exhibit W (#16).

20

21           **III. APPLICATION OF LAW TO FACTS**

22 **A.  FAILURE TO EXHAUST**

23       Respondents argue that, except as to the alleged failures at sentencing, Petitioner has

24 procedurally defaulted his claim in Ground 1 that counsel was ineffective.

25

26 **1.  Exhaustion Requirement**

27       Generally, a federal court has authority to review a state prisoner's claims only if

28 available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)

1  (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28

2  U.S.C. § 2254(b) and (c).  When seeking habeas relief, the burden is on the petitioner to

3  show that he has properly exhausted each claim. *Cartwright v. Cupp,* 650 F.2d 1103, 1104

4  (9th Cir. 1981)(*per curiam*), *cert. denied,* 455 U.S. 1023 (1982).

5         Ordinarily,  "to exhaust one's state court remedies in Arizona, a petitioner must first

6  raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-

7  conviction relief pursuant to Rule 32."  *Roettgen v. Copeland*,  33 F.3d 36, 38 (9th Cir.

8  1994).   Only one of these avenues of relief must be exhausted before bringing a habeas

9  petition in federal court.   This is true even where alternative avenues of reviewing

10  constitutional issues are still available in state court. *Brown v. Easter*, 68 F.3d 1209, 1211

11  (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S.

12  1059 (1989). "In cases not carrying a life sentence or the death penalty, 'claims of Arizona

13  state prisoners are exhausted for purposes of federal habeas once the Arizona Court of

14  Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir.

15  2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999)).

16         Here, Petitioner never asserted to the state courts that counsel was ineffective in the

17  course of the entry of the plea or in failing to object to a denial of the right to counsel.

18  Petitioner did argue in his first PCR proceeding that his plea was entered under duress.

19  However, this did not raise a claim of ineffective assistance.

20         To result in exhaustion, claims must not only be presented in the proper forum, but

21  must be "fairly presented."  That is, the petitioner must provide the state courts with a "fair

22  opportunity" to apply controlling legal principles to the facts bearing upon his constitutional

23  claim.  28 U.S.C. § 2254;  *Picard v. Connor,* 404 U.S. 270, 276-277 (1971).  A claim has

24  been fairly presented to the state's highest court if the petitioner has described both the

25  operative facts and the federal legal theory on which the claim is based. *Kelly v. Small*, 315

26  F.3d 1063, 1066 (9th Cir. 2003) (overruled on other grounds, *Robbins v. Carey*, 481 F.3d

27  1143, 1149 (9th Cir. 2007)).  While the operative facts of a plea under duress might lead to

28  claim of ineffective assistance, Petitioner never asserted ineffective assistance as the legal

1    theory for that claim.

2         Accordingly, the undersigned finds that these portions of Ground 1 are unexhausted.

3

4    **2.  Procedural Default**

5         Ordinarily, unexhausted claims are dismissed *without prejudice*. *Johnson v. Lewis*,

6    929 F.2d 460, 463 (9th Cir. 1991).  However, where a petitioner has failed to properly

7    exhaust his available administrative or judicial remedies, and those remedies are now no

8    longer available because of some procedural bar, the petitioner has "procedurally defaulted"

9    and is generally barred from seeking habeas relief.  Dismissal *with prejudice* of a

10   procedurally barred or procedurally defaulted habeas claim is generally proper absent a

11   "miscarriage of justice" which would  excuse the default. *Reed v. Ross*, 468 U.S. 1, 11

12   (1984).

13        **Remedies by Direct Appeal** - Under Ariz.R.Crim.P. 31.3, the time for filing a direct

14   appeal expires twenty days after entry of the judgment and sentence.  The Arizona Rules of

15   Criminal Procedure do not provide for a successive direct appeal. *See generally*

16   Ariz.R.Crim.P. 31.  Accordingly, direct appeal is no longer available for Petitioner's

17   unexhausted claims.

18        **Remedies by Post-Conviction Relief** - Petitioner can no longer seek review by a

19   subsequent PCR Petition.  Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction

20   relief (other than those which are "of-right") be filed "within ninety days after the entry of

21   judgment and sentence or within thirty days after the issuance of the order and mandate in

22   the direct appeal, whichever is the later." *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357

23   (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading

24   defendant deemed direct appeal for purposes of the rule).  That time has long since passed.

25        While Rule 32.4(a) does not bar dilatory claims if they fall within the category of

26   claims specified in Ariz.R.Crim.P. 32.1(d) through (h), Petitioner has not asserted that any

27   of these exceptions are applicable to his equal protection claim.   Nor does it appears that

28   such exceptions in Rule 32.1 would apply to this claim.  The rule defines the excepted claims

as follows:

>  d. The person is being held in custody after the sentence imposed has expired;
>
>  e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
>
>  (1) The newly discovered material facts were discovered after the trial.
>
>  (2) The defendant exercised due diligence in securing the newly discovered material facts.
>
>  (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
>
>  f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
>
>  g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
>
>  h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1 (d) (expired sentence) generally has no application to an Arizona prisoner who is simply attacking the validity of his conviction or sentence. Petitioner makes no claim of "newly discovered evidence" and thus paragraph (e) has no application. Paragraph (f) has no application where the petitioner had no right to appeal, and the notice of post-conviction relief of-right applies only to first petitions filed within 90 days following a judgment based on a guilty or *nolo contendre* plea. *See* Ariz.R.Crim.P. 32.1 (defining when petition of-right). Here, Petitioner filed his PCR of-right, his first PCR proceeding, and thus paragraph (f) has no application. Paragraph (g) has no application because Petitioner has not asserted a change in the law occurring since his last state PCR petition with regard to this ineffectiveness claim. Finally, paragraph (h), concerning claims of actual innocence, has no application to Petitioner's procedural claims. *See State v. Swoopes*, 216 Ariz. 390, 404, 166 P.3d 945, 959 (App. 2007) (32.1(h) did not apply where petitioner had " not established that trial error ...amounts to a claim of actual innocence").

1     Accordingly, the undersigned must conclude that review through Arizona's post-

2     conviction relief process is no longer possible for Petitioner's unexhausted claims.

3     Accordingly, the undersigned finds that this claim is procedurally defaulted, and absent a

4     showing of cause and prejudice or actual innocence, must be dismissed with prejudice.

5

6     **3.  Cause and Prejudice**

7           If the habeas petitioner has procedurally defaulted on a claim, he may not obtain

8     federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to

9     excuse the default.  *Reed v. Ross*, 468 U.S. 1, 11 (1984).

10          Petitioner argues in his Petition that he was unaware of counsel's misfeasance because

11    of his medicated and incapacitated state at the time, and pursued them as best as he could

12    without assistance.  However, Petitioner does not contend that he was incapacitated at the

13    time of his petition for post-conviction relief.  Morever, Petitioner was represented by

14    counsel in that proceeding.  Accordingly, the undersigned does not find Petitioner to have

15    been prevented by his medicated state from pursuing the instant claim of ineffectiveness.

16           Petitioner makes no other argument of having cause and prejudice to excuse his

17    procedural default.  Based upon the foregoing, the undersigned finds no "cause" to excuse

18    Petitioner's procedural default.

19

20    **4.  Actual Innocence**

21          The standard for "cause and prejudice" is one of discretion intended to be flexible and

22    yielding to exceptional circumstances.  *Hughes v. Idaho State Board of Corrections*, 800

23    F.2d 905, 909 (9th Cir. 1986).  Accordingly, failure to establish cause may be excused "in

24    an extraordinary case, where a constitutional violation has probably resulted in the conviction

25    of one who is actually innocent."  *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis

26    added).  However, it is not sufficient that the petitioner point to some legal insufficiency.

27    *Bousley v. United States*, 523 U.S. 614, 623(1998) ("'actual innocence' means factual

28    innocence , not mere legal insufficiency").  A petitioner asserting his actual innocence of the

1  underlying crime must show "it is more likely than not that no reasonable juror would have

2  convicted him in the light of the new evidence" presented in his habeas petition. *Schlup v.*

3  *Delo*, 513 U.S. 298, 327 (1995). A showing that a reasonable doubt exists in the light of the

4  new evidence is not sufficient. Rather, the petitioner must show a probability that no

5  reasonable juror would have found the defendant guilty. *Id.* at 329.

6      Petitioner proffers no such showing of actual innocence. Accordingly, his claim of

7  ineffective assistance of counsel in the entry of his guilty plea must be dismissed with

8  prejudice.

9

10  **B.  INEFFECTIVE ASSISTANCE**

11      Petitioner also raises claims of ineffective assistance of counsel based upon counsel's

12  failure to: (1) challenge the aggravating circumstances or present mitigating evidence and

13  (2) challenge a violation of Petitioner's right to counsel during questioning by detectives.

14

15  **1.  Standard for Claims of Ineffective Assistance**

16      Generally, claims of ineffective assistance of counsel are analyzed pursuant to

17  *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on such a claim,

18  Petitioner must show: (1) deficient performance - counsel's representation fell below the

19  objective standard for reasonableness; and (2) prejudice - there is a reasonable probability

20  that, but for counsel's unprofessional errors, the result of the proceeding would have been

21  different. *Id.* at  687-88. Although the petitioner must prove both elements, a court may

22  reject his claim upon finding either that counsel's performance was reasonable or that the

23  claimed error was not prejudicial. *Id.* at 697.

24      The court hearing an ineffective assistance of counsel claim must consider the totality

25  of the evidence with an eye toward the ultimate issue of whether counsel's conduct so

26  undermined the functioning of the adversarial process that the proceeding lacked

27  fundamental fairness. *Id.* at 686; *Card v. Dugger*, 911 F.2d 1494 (11th Cir. 1990)(observing

28  that counsel cannot be labeled ineffective for failing to raise issues which have no merit);

1  *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir.1985) (failing to raise meritless argument on

2  appeal does not constitute ineffective assistance of counsel).

3  　　　A deficient performance is one in which counsel's errors were so great he or she was

4  not functioning as the counsel guaranteed by the Sixth Amendment. *Iaea v. Sunn*, 800 F.2d

5  861, 864 (9th Cir. 1986).  An objective standard applies to proving such ineffectiveness, and

6  requires a petitioner to demonstrate that counsel's actions were "outside the wide range of

7  professionally competent."  *United States v. Houtcens*, 926 F.2d 824, 828 (9th  Cir.

8  1991)(quoting *Strickland*, 466 U.S. at 687-90).   The reasonableness of counsel's actions is

9  judged from counsel's perspective at the time of the alleged error in light of all the

10  circumstances. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

11

12  **2.  Ineffectiveness at Sentencing**

13  　　　Petitioner makes the conclusory argument that counsel failed to challenge the

14  aggravating circumstances or present mitigating evidence. Petitioner does not identify the

15  aggravating circumstances he believes were improper.  Nor did he do so in his first PCR

16  Petition (Exhibit G), nor in his petition for review (Exhibit R).  Conclusory allegations are

17  not sufficient to sustain a habeas petition. *James v. Borg,* 24 F.3d 20, 26 (9th Cir. 1994).

18  　　　Respondents argue that Petitioner has continually failed to support his claim of

19  inaccuracies in the presentence report with any specifics, or any evidentiary support.  With

20  regard to the mitigating circumstances, Petitioner does not identify in the Petition which

21  circumstances he contends should have been presented.  In his PCR petition,  he referenced

22  a series of 15 mitigating factors, including: (1) he did not know the victim; (2) there was no

23  motive; (3) his impairment by drug and alcohol abuse; (4) the ulterior motives of the

24  witnesses; (5) his willingness to undergo treatment; (6) his support systems in the

25  community; (7) his meaningful employment opportunities; (9) his intent to continue his

26  education; (9) his remorse; (10) his having "spiritually addressed" his substance abuse; (11)

27  community support for Petitioner; (12) his advancing age and maturity; (13) the lack of

28  recidivism for his age group; (14) his family's failure to speak to him at sentencing; and (15)

1  other mitigating reasons known by the court.  (Exhibit G at 6-7.)

2  Respondents also argue that Petitioner has failed to show any prejudice, and that

3  counsel did present matters in mitigation.  Thus Respondents argue that the trial court's

4  rejection of this claim was neither contrary to nor an unreasonable application of federal law.

5  Trial counsel presented a sentencing memorandum addressing most of these issues.

6  Counsel argued Petitioner's: (a) mental impairment; (b) drug abuse; (c) that the shooting was

7  the result of a paranoid delusion.  (Exhibit C, Sentencing Memo.)  At sentencing, counsel

8  added arguments that Petitioner: (d) was remorseful.  (Exhibit D, R.T. 3/5/03 at 7-8.)  Thus,

9  the most significant mitigating factors referenced by Petitioner were addressed by counsel.

10  Counsel could have reasonably made the strategic decision to forego any argument

11  on the other factors asserted by Petitioner.  Petitioner's lack of knowledge of the victim and

12  absence of motive were at least equally aggravating, painting this as a senseless act of

13  violence.  Petitioner points to no evidence of exceptional ulterior motives of witnesses, and

14  given his plea of guilty, arguing such would have been pointless or, worse, would have

15  detracted from Petitioner's claimed remorse.   Petitioner offers nothing to show that he was

16  willing to undergo treatment, had support in the community, meaningful employment

17  opportunities, an intent to continue his education, or a spiritual solution to his substance

18  abuse.  Moreover, given Petitioner's history of drug abuse, such claims would have been

19  suspect.  Claims that Petitioner was advanced in age, and thus unlikely to re-offend would

20  have been pointless in light of Petitioner's history and drug addiction.  His lack of family

21  support was at least equally an aggravating factor.  And his claim of other factors "known"

22  to the Court is merely conclusory.

23  In sum, counsel properly focused on the key mitigating factors: that the crime was the

24  result of a drug induced paranoia.  The exclusion of other unsupported or weak arguments

25  was a reasonable tactical choice.  Thus, the undersigned finds no defective performance.

26  Similarly, the undersigned finds no prejudice.  Given the circumstances of the crime

27  and Petitioner's history, the undersigned must conclude that the other, weak if not adverse

28  factors referenced by Petitioner would not have altered the outcome. As noted by the trial

1  court, Petitioner had engaged in other violent conduct, had not been rehabilitated by prison,

2  and had become immersed in drugs. (Exhibit D, R.T. 3/5/03 at 9-11.) The undersigned finds

3  that the mitigating factors cited by Petitioner would not have been sufficient to sway the trial

4  court's issuance of an aggravated sentence. Thus, the undersigned finds no prejudice from

5  counsel's purportedly defective performance.

6  Petitioner having failed to establish defective performance and prejudice, the

7  undersigned concludes that trial counsel was not ineffective.

8  Further, Petitioner has failed to show that the trial court's decision was contrary to or

9  an unreasonable application of federal law. At best, Petitioner has suggested factors which

10  might support a contrary decision, but do not compel it.

11  Accordingly, this portion of Ground 1 is without merit, and must be denied.

12

13  **C.  JURY TRIAL RIGHT - *BLAKELY***

14  In Ground 2 of his Petition, Petitioner argues that the sentencing judge relied on facts

15  neither admitted nor proved to a jury to aggravate Petitioner's sentence, in violation of

16  *Blakely v. Washington*, 542 U.S. 296 (2004).   Respondents argue that Petitioner admitted

17  the use of a firearm, and that he had two prior felony convictions, and that each of these facts

18  were sufficient under Arizona law to authorize an aggravated sentence.

19  The Sixth Amendment's jury-trial guarantee precludes the imposition of a sentence

20  above the statutory maximum based on a fact, other than a prior conviction, not found by a

21  jury or admitted by the defendant. *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  In *Blakely,*

22  the Court clarified that " 'statutory maximum' for *Apprendi* purposes is the maximum

23  sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or

24  admitted by the defendant.... In other words, the relevant 'statutory maximum' is not the

25  maximum sentence a judge may impose after finding additional facts, but the maximum he

26  may impose without any additional findings." *Blakely,* 542 U.S. at 303-04.

27  Petitioner argues that the factors used by the judge were: "a hand gun was used; the

28  crime was especially cruel; created a grave risk of death to others; emotional trauma to the

1  victims family; prior criminal history."  (Petition, #1 at 8 ("7(a)").)  However, the only

2  aggravating factors cited by the Court were: (1) the Petitioner's prior criminal history; (2) the

3  impact on the victim and his family; (3) the benefit Petitioner received under the plea

4  agreement.  (Exhibit D, R.T. 3/5/03 at 9-11.)

5        Arizona law permits aggravation based upon, *inter alia*: (1) the use of a deadly

6  weapon, Ariz. Rev. Stat. § 13-701(D)(2); (2) a prior felony conviction within the prior ten

7  years, § 13-701(D)(11).

8        As noted by Respondents, the prior criminal history is exempt from the jury

9  requirement under *Apprendi* and *Blakely*.  *United States v. Quintana-Quintana*, 383 F.3d

10  1052, 1053 (9th Cir.2004).  Further, Petitioner admitted the use of a deadly weapon.  When

11  asked to present a factual basis, counsel stated that petitioner "pulled out the firearm and shot

12  Mr. Wozniak three to four times and cause of his death was gunshot  wounds inflicted by Mr.

13  Lopez."  (Exhibit A, R.T. 1/3/03 at 10.)  Petitioner personally admitted that this statement

14  was correct.  (*Id.* at 11.)

15        Under Arizona law, a finding of either factor  was sufficient to authorize the

16  imposition of  the aggravated sentence, despite the Court's reliance on other aggravating

17  factors.  *See State v. Martinez,* 210 Ariz. 578, 583, 115 P.3d 618, 623 (2005) (single

18  aggravating factor raises statutory maximum). *See also Smith v. Schriro,* 2009 WL 1457015,

19  17-18,    (D.Ariz.,2009)  (CV-08-0978-PHX-MHM-LOA)  (discussing  District  cases

20  concluding that, under *Martinez*, *Blakely* is satisfied upon a finding of any aggravating factor,

21  regardless whether additional aggravating factors are considered).  Accordingly, the Court's

22  reliance upon victim impact or any other factor to select an aggravated sentence would not

23  have resulted in a violation of *Blakely*.

24        Therefore, this claim is without merit, and must be denied.

25

26  **D. SUMMARY**

27        Petitioner's claim in Ground 1 that counsel was ineffective for failing to argue

28  additional mitigating circumstances or to challenge the aggravating factors is without merit

and must be denied.  The balance of Ground 1 is unexhausted and procedurally defaulted, and must be dismissed with prejudice.  Ground 2 is without merit and must be denied.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the portion of Ground 1 asserting ineffective assistance with regard to mitigating and aggravating circumstances, and all of Ground 2 of the Petitioner's Petition for Writ of Habeas Corpus, filed March 5, 2008 (#1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the remainder of Petitioner's Petition for Writ of Habeas Corpus, filed March 5, 2008 (#1) be **DISMISSED WITH PREJUDICE**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: June 18, 2009

S:\Drafts\OutBox\08-0435-001z RR 08 09 17 rc HC.wpd

_____
JAY R. IRWIN
United States Magistrate Judge